**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Martin CHAVEZ–ZARATE,**
**Defendant—Appellant.**

**No. 00–10290.**

**D.C. No. CR–98–05149–OWW.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 12, 2002.

Decided Sept. 11, 2002.

---

Before HALL, KOZINSKI, and McKEOWN, Circuit Judges.

MEMORANDUM *

Martin Chavez–Zarate was convicted of conspiring to distribute over 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He received a life sentence in addition to concurrent 20–year sentences for four counts of money laun-

dering in violation of 18 U.S.C. § 1956(a). We affirm.

## I. Evidentiary Issues

■ Chavez argues that the jury was prejudiced by evidence that implicated his participation in uncharged criminal activity. We agree with him that some of this evidence is not so "inextricably intertwined" with the underlying offense as to be exempt from the requirements of Rule 404(b). *See United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995). But even if it was admitted in error, Chavez did not object to the introduction of this evidence, thus limiting us to plain error review. *See United States v. Sauza–Martinez*, 217 F.3d 754, 759 (9th Cir.2000) (applying plain error review when testimony or evidence was not objected to on grounds argued on appeal). Because Chavez has not shown that it is more probable than not that the jury was substantially swayed by the error, we find that it did not affect his substantive rights. *See United States v. Mett*, 178 F.3d 1058, 1066 (9th Cir.1999) (harmless error test "requires the Government to show a 'fair assurance' that the verdict was not substantially swayed by the error"); *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (substantial rights prong of plain error analysis mirrors harmless error analysis but shifts the burden of persuasion with respect to prejudice to the defendant).

■ Chavez also argues that the district court abused its discretion when it allowed limited testimony concerning the relevance of other ongoing surveillance operations to Chavez's investigation. Because the district court sustained all of Chavez's objections to such testimony and otherwise only allowed its introduction for the limited

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

purpose of explaining the government's actions, we cannot conclude that the court abused its discretion under Rule 403.

Chavez's claim of prosecutorial misconduct requires the same showing of an effect on substantial rights as his evidentiary claims. *See United States v. Tam,* 240 F.3d 797, 802 (9th Cir.2001) (defendant must show that it is "more probable than not" that any misconduct materially affected the verdict). Even assuming that the prosecutor committed misconduct in this case, Chavez can no more show an effect on substantial rights here than he could with his evidentiary claims. Of course, Chavez's failure to meet his burden here does not foreclose him from attempting to establish that his own attorney's conduct was so seriously deficient as to deprive Chavez of a fair trial. *See Strickland v. Washington,* 466 U.S. 668, 687–89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## II.  Necessity of Wiretap

The record supports the district court's conclusion that "ordinary investigative procedures, employed in good faith, would likely be ineffective in [this] particular case." *See United States v. Brone,* 792 F.2d 1504, 1506 (9th Cir.1986). Chavez's imaginative suggestions to the contrary, "the government need not pursue every alternative means of investigation," *United States v. Ippolito,* 774 F.2d 1482, 1486 (9th Cir.1985).

## III.  Apprendi Claims

The jury convicted Chavez of conspiring to distribute over 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, thus making him eligible for a life sentence under 21 U.S.C. § 841(b)(1)(A). Because Chavez was not

\* This panel unanimously finds this case suitable for decision without oral argument. See

sentenced above the prescribed maximum, his *Apprendi* claims fail. *See United States v. Nordby,* 225 F.3d 1053, 1059 (9th Cir.2000) (overruled in part) (holding that, pursuant to *Apprendi,* an individual cannot be sentenced above the "prescribed statutory maximum," which is the maximum punishment to which the defendant is exposed "solely under the facts found by the jury").

**AFFIRMED.**